IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHISN DIVISION

| | |
|---|---|
| **JERRY C. REAVES** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CIVIL ACTION NO: 20-237 |
| | * |
| **HYUNDAI MOTOR MANUFACTURING** | * |
| **ALABAMA, LLC** | * |
| Defendant. | * |

## COMPLAINT

COMES NOW the Plaintiff Jerry C. Reaves, ("Reaves" or "Plaintiff") and for his complaint against Hyundai Motor Manufacturing Alabama, Inc, ("Hyundai" or "Defendant") states as follows:

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, ("Title VII") 42 U.S.C. 2000e, et seq., 42 U.S.C. § 1981, 42 U.S.C. §1981(a), and 42 U.S.C. §12101, et seq. ("ADA").

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201 and 2202.

3. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Alabama.

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and the ADA. Specifically, he timely filed his charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the continuing discriminatory activity and files this complaint within ninety days of his

1

receipt of the effective date of the EEOC's Right to Sue Letter. (See, EEOC Charges attached as Exhibit A and Right to Sue Letter attached as Exhibit B).

## PARTIES

5. Plaintiff is a Caucasian male citizen of the United States, over the age of nineteen years, and at all times pertinent to the matters alleged is a resident citizen of the State of Alabama, residing at 398 N Mt. Zion Road, Greenville, AL

6. Hyundai is an entity subject to suit under Title VII, 42 U.S.C. §§1981 and 1981(a), and 42 U.S.C. §12101, et seq. Hyundai's principal place of business is located at 700 Hyundai Blvd., Montgomery, AL 36105, and its registered agent for service of process is Kyuyoung Lee, 700 Hyundai Blvd., Montgomery, AL 36105.

7. Hyundai has more than 500 employees.

## FACTS

8. Plaintiff was employed by the Defendant from July 8, 2019, until January 5, 2024. Plaintiff has held the following position with the Defendant: Maintenance Support.

9. The Plaintiff has a hearing impairment of which the Defendant was made aware at the time of the Plaintiff's employment.

10. Plaintiff's supervisor and the person to whom the Plaintiff reported at Hyundai was Jamie Lane (hereinafter "Lane") an African American male.

11. Lane was aware of the Plaintiff's hearing impairment.

12. At all times Plaintiff performed the duties expected of him in a professional and competent manner; nevertheless, beginning in or about October 2022 and continuing thereafter the Plaintiff was subjected to unfair treatment and harassment based upon his race and hearing impairment in the form hostile and racially discriminatory and

2

derogatory statements and discriminatory discipline, such that the unfair treatment and harassment was sufficiently severe or pervasive to alter the terms and conditions of the Plaintiff's employment and created a discriminatory, hostile and abusive working environment.

13. Lane, in an effort to have the Plaintiff disciplined and/or terminated by the Defendant tried to get Plaintiff's co-workers to file complaints against the Plaintiff.

14. Lane also in his efforts to have the Plaintiff disciplined and/or terminated by the Defendant, asked Plaintiff's co-workers to agree with derogatory rumors about the Plaintiff.

15. Lane also in his efforts to have the Plaintiff disciplined and/or terminated by the Defendant, encouraged Plaintiff's co-workers to file and/or agree with complaints filed against the Plaintiff.

16. Lane continually referred to the Plaintiff as "white boy, cracker and honky" which statements were made in the presence of Plaintiff's co-workers, including both African American and Caucasian co-workers.

17. Lane's statements as averred in Paragraph 16 were made in a louder than normal voice because he knew Plaintiff had a hearing impairment, but also to insure that Plaintiff's co-workers heard his statements.

18. On one occasion Lane called the Plaintiff a "blue-eyed, grey faced, honky a... mother f…. r," which statement was made in the presence of the Plaintiff's co-workers.

19. The Plaintiff made numerous complaints to the Defendant about Lane's discriminatory and harassing statements and conduct; however, the Defendant to Plaintiff's knowledge

3

did not conduct any investigation of such complaints and did not take any remedial action to prevent such discriminatory and harassing conduct.

20. In June 2023, the Plaintiff was disciplined by the Defendant for allegedly threatening Lane, which the Plaintiff denied, and which discipline was made despite Plaintiff's repeated complaints about Lane's discriminatory actions and statements.

21. In order to avoid the continuing discriminatory and harassing conduct to which he was being subjected, the Plaintiff requested that he be transferred to another line, and he was transferred to the engine three department in December 2023.

22. When the Plaintiff came to work on December 16, 2023, his badge did not work. The Plaintiff was told that he would be contacted by the Defendant's Human Resources Department.

23. The next contact the Plaintiff received from the Defendant was a letter dated January 5, 2024, informing the Plaintiff that he was terminated as a result of an investigation that the Defendant had conducted.

24. During the period from December 16, 2023, until the receipt of the January 5, 2024, letter, the Plaintiff received no information from the Defendant and was not informed that he was being investigated by the Defendant. The Plaintiff was not given an opportunity to participate in the investigation or to meet with the Defendant about the purported investigation.

25. The Defendant did not allow the Plaintiff to recover his personal belongings from his locker.

26. The Defendant's actions as alleged and averred in Paragraphs 12 thru 25 subjected the Plaintiff to discriminatory discipline, which other employees not of the Plaintiff's

protected class were not disciplined or were not disciplined in the same manner as the Plaintiff.

27. The Defendant's discriminatory discipline as alleged and averred in Paragraphs 12 thru 25 was intended by the Defendant to create such an intolerable and hostile work environment for the Plaintiff that the Plaintiff would have no alternative but to involuntarily terminate his employment by resigning.

28. The Defendant's conduct as alleged and averred in Paragraphs 12 through 25 by and through Lane, and its Human Resources Department was of a continuing nature occurring continuously from on or about June 2023 to January 5, 2024.

29. The Defendant's conduct as alleged and averred in Paragraphs 12 thru 25 by and through Lane because of his confrontational, angry, racially derogatory, and loud demeanor when talking to the Plaintiff was severe and was intended to intimidate and harass the Plaintiff.

30. The Defendant's conduct as alleged and averred in Paragraphs 12 thru 25 by and through Lane, because of his confrontational, angry, racially derogatory statements and loud demeanor when talking to the Plaintiff, was humiliating and embarrassed the Plaintiff with respect to other Hyundai employees.

31. The Defendant's conduct as alleged and averred in Paragraphs 12 thru 25 by and through Lane because of his confrontational, angry, racially derogatory statements and loud demeanor when talking to the Plaintiff unreasonably interfered with the Plaintiff's job performance.

32. The Defendant's actions against the Plaintiff, as alleged and averred in Paragraphs 12 through 25, were motivated by his race by creating a hostile and discriminatorily abusive working environment.

33. As a result of the Defendant's discriminatory discipline and discriminatorily hostile and abusive treatment, as alleged and averred in Paragraphs 12 thru 25, the Plaintiff has suffered embarrassment, humiliation, loss of enjoyment of life, mental distress and emotional pain and anguish.

34. The Plaintiff has suffered and will continue to suffer loss of income because of the Defendant's discriminatory discipline and discriminatorily hostile and abusive treatment.

35. The Defendant engaged in the discriminatory practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

## COUNT I

36. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-35 as if fully set forth herein.

37. In violation of Title VII and the ADA the Defendant unlawfully discriminated against the Plaintiff because of his race and/or color and disability in relation to the terms and conditions of his employment.

## COUNT II

38. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-37 as if fully set forth herein.

39. The Defendant unlawfully discriminated against the Plaintiff in violation of Title VII and the ADA by subjecting him to unwarranted discipline because of his race and/or color and disability in relation to the terms and conditions of his employment.

## COUNT III

40. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-39 as if fully set forth herein.

41. The Defendant unlawfully discriminated against the Plaintiff in violation of Title VII and the ADA by subjecting him to a discriminatory, abusive, and hostile work environment because of his race and/or color and disability in relation to the terms and conditions of his employment.

## COUNT IV

42. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-41 as if fully set forth herein.

43. The Defendant unlawfully discriminated against the Plaintiff in violation of Title VII and the ADA by subjecting him to a discriminatory abusive and hostile work environment because of his race and/or color and disability in relation to the terms and conditions of his employment by creating a hostile and abusive work environment in an effort to terminate the Plaintiff's employment.

## COUNT V

44. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-43 as if fully set forth herein.

45. The above discriminatory practices by the Defendant, its agents, and employees, violated the Thirteenth Amendment to the United States Constitution as protected by 42 U.S.C. §1981.

## COUNT VI

46. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-45 as if fully set forth herein.

47. The Defendant's actions of unwarranted and discriminatory discipline and subjecting the Plaintiff to a discriminatory abusive and hostile work environment were designed to harass and humiliate the Plaintiff beyond all bounds of decency.

## COUNT VII

54. The Defendant's actions against the Plaintiff as alleged herein are so unconscionable as to shock the conscience.

55. As a result of the Defendant's actions the Plaintiff was caused to suffer, has suffered, and continues to suffer emotional distress that is so severe that it is intolerable.

## PRAYER FOR RELIEF

WHISEFORE, the premises considered, Plaintiff prays for the following relief:

1. The entry of a declaratory judgment declaring that this Honorable Court has jurisdiction over the violations of which Plaintiff complains.

2. The entry of a declaratory judgment declaring that the conduct engaged in by the Defendant is in violation of the Plaintiff's rights.

3. After a full trial of this cause, entry of a judgment in favor of Plaintiff for all nominal, compensatory and/or punitive damages necessary to compensate the Plaintiff for his injuries, and damages, and to punish the Defendant for its wrongdoing.

4. Entry of a judgment awarding reasonable attorney's fees and cost of these proceedings.

5. The Plaintiff prays for such other relief as may be deemed just and proper.

Respectfully submitted,

s/James B. McNeill, Jr.
James B. McNeill, Jr., MCN005
ASB-4517-I63J
Attorney for the Plaintiff

OF COUNSEL:
Hobbs & Hain, P. C.
P.O. Drawer 1190
Selma, Alabama 36702-1190
(334) 874-6683

## **JURY DEMAND**

Plaintiff demands trial by a struck jury on all counts of this Complaint.

                                      s/James B. McNeill, Jr.
                                      James B. McNeill, Jr., MCN005,
                                      ASB-4517-I63J
                                      Attorney for the Plaintiff

## **REQUEST FOR SERVICE BY CERTIFIED MAIL**

Pursuant to Fed.R.Civ.P. Rule 4(e)(1) the Plaintiff requests service on the Defendant via certified mail, return receipt requested c/o Kyuyoung Lee, 700 Hyundai Blvd., Montgomery, AL 36105.

                                      s/James B. McNeill, Jr.
                                      James B. McNeill, Jr., MCN005
                                      ASB-4517-I63J
                                      Attorney for the Plaintiff